UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VELOCITY CAPITAL GROUP LLC,

                      Plaintiff,

        -against-

VYVUE, LLC, et al.,

                      Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23 CV 4951 (OEM) (CLP)

**POLLAK**, United States Magistrate Judge:

       On April 3, 2023, plaintiff Velocity Capital Group LLC, d/b/a Ilend Advance ("Velocity") commenced this action in New York State Supreme Court, Kings County, against defendants Vyvue, LLC ("Vyvue") and Bennett Hortman, alleging breach of a Revenue Purchase Agreement. (See Compl.[1]). The action was removed to this court on June 30, 2023.[2]

       On December 18, 2023, this Court Ordered defendants to show cause by January 22, 2024, why the case should not be remanded for lack of subject matter jurisdiction. (See OTSC[3]). Defendants did not meet this deadline but rather filed a Request for Certificate of Default on January 22, 2024, based on plaintiff's failure to answer their counterclaim. The following day, defendants also filed a short letter, entitled "Response to Order to Show Cause (ECF 11)."

       For the reasons set forth below, the Court respectfully recommends that the case be remanded back to state court.

---

[1] Citations to "Compl." refer to plaintiff's Verified Complaint filed on April 3, 2023, in New York Supreme Court, Kings County. (See ECF No. 1).
[2] Defendants originally attempted to remove the case to the Central District of Utah on May 31, 2023, but the case was remanded to state court the following day since removal must be to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). (See ECF No. 1).
[3] Citations to "OTSC" refer to the Order to Show Cause filed on December 18, 2023 (ECF No. 11).

DISCUSSION

A. Removal and Subject Matter Jurisdiction

Federal law provides for the removal of a state court case to federal court if "the district courts . . . have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have jurisdiction over two types of cases: "cases that 'aris[e] under' federal law," 28 U.S.C. § 1331, and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties," 28 U.S.C. § 1332(a). Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019). A district court is required to remand a case back to state court if the district court lacks subject matter jurisdiction. See Doe v. Zucker, No. 17 CV 1005, 2018 WL 3520422, at *4 (N.D.N.Y. July 20, 2018) (collecting cases); see also Harraz v. EgyptAir Airlines Co., No. 18 CV 12364, 2019 WL 6700946, at *2 (S.D.N.Y. Dec. 9, 2019). The removing party bears the burden of establishing federal jurisdiction. Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 327 (2d Cir. 2011) (citing California Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004)).

Defendants assert both federal question jurisdiction and diversity jurisdiction as their basis for removing plaintiff's breach of contract claim to federal court. (See Defs.' Resp.[4] at 1).

B. Federal Question Jurisdiction

Removal under 28 U.S.C. § 1331 is proper when a case presents a federal question. The Order to Show Cause noted that "the plaintiff's Verified Complaint filed in State Supreme Court alleges only a garden variety breach of contract claim and a claim to recover under a personal guaranty– neither of which presents a federal question or alleges a violation of federal law." (OTSC at 5). In response to defendants' argument that their counterclaim provided jurisdiction

---

[4] Citations to "Defs.' Resp." refer to defendants' "Response to Order to Show Cause (ECF 11)" filed on January 23, 2024 (ECF No. 15).

2

because it alleged federal statutory violations, the Order to Show Cause cited case law holding that "defenses and counterclaims are insufficient to create removal jurisdiction" (id. (citing Vaden v. Discover Bank, 556 U.S. 49, 60)), and directed defendants "to provide controlling caselaw or other authority to justify their assertion of federal question jurisdiction." (Id.)

Defendants' response to the Order to Show Cause simply asserts that defendants' counterclaims are based in federal law. (Defs.' Resp. at 1). Defendants do not provide any caselaw or authority holding that federal counterclaims are sufficient to create removal jurisdiction. Therefore, the Court finds that defendants have failed to demonstrate that removal was proper based on federal question jurisdiction.

C.  Diversity Jurisdiction

Removal under 28 U.S.C. § 1332(a) is proper when "complete diversity" exists–specifically, when all plaintiffs are citizens of states diverse from those of all defendants. Pennsylvania Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., 772 F.3d 111, 117-18 (2d Cir. 2014) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)). In an action based on diversity jurisdiction, Fed. R. Civ. P. 7.1(a)(2) requires parties to file a disclosure statement identifying their citizenship. The Eastern District's Local Civil Rules specifically require that a Notice of Removal identify the citizenship of each member of a limited liability company that is a party. Local Civ. R. 81.1. Additionally, a "removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a)." Cohen v. Werner Co., No. 17 CV 4491, 2017 WL 3327587, at *1 (E.D.N.Y. Aug. 3, 2017).

The Order to Show Cause notes that the members of Velocity and Vyvue – both of which are limited liability corporations – were not identified in the Notice of Removal, nor was there

3

any information alleged as to the citizenship of their members as required to determine citizenship for purposes of diversity jurisdiction. (OTSC at 7 (citing Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012)).

Again, defendants' response to the Order to Show Cause merely asserts, without further explanation, that there is complete diversity between the parties; defendants still have not provided the necessary information on the members of either Velocity or Vyvue[5] as required. Thus, defendants are in continued violation of Local Civ. R. 81.1 and Fed. R. Civ. P. 7.1(a)(2) and have not adequately alleged diversity jurisdiction.

The Order to Show Cause also states that defendants "failed to allege facts sufficient to establish that the amount in controversy exceeds the $75,000 threshold." (OTSC at 8). Specifically, the Order notes that "courts in this Circuit 'have concluded that a counterclaim may not be used to satisfy the amount in controversy requirement for purposes of giving a federal court diversity jurisdiction over a case that has been removed from state court.'" (Id. at 9 (quoting Brown & Michaels PC v. Cardoso, No. 05 CV 209, 2005 WL 1528748, at *2 (N.D.N.Y. June 27, 2005) (collecting cases))).

Although the Court's Order to Show Cause asked defendants to provide justification for their assertion that the amount in controversy satisfied the requirements for diversity jurisdiction, defendants' response merely states that "the counterclaim seeks damages of not less than $100,000– which appropriately places this matter before the Court by virtue of its diversity jurisdiction." (Defs.' Resp. at 1). However, no authority was provided for the contention that a counterclaim amount may be used to satisfy the $75,000 diversity jurisdiction threshold. Since

---

[5] Even if defendants needed additional information about the plaintiff LLC, they should be able to specify the identity of the members in their own client's LLC and the citizenship of those entities. They have not done so.

defendants bear the burden of demonstrating that removal was proper and that this court has jurisdiction over the matter, their failure to provide authority is an additional deficiency in defendants' removal petition.

## CONCLUSION

For the reasons set forth above, the Court respectfully recommends that this action be remanded to state court.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: February 15, 2024
Brooklyn, New York

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York