UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VELOCITY CAPITAL GROUP LLC,

               Plaintiff,                          **MEMORANDUM AND ORDER**

        v.                                          1:23-cv-04951-OEM-CLP

VYVUE, LLC and BENNETT E. HORTMAN,
II,

               Defendants.
-----------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

        On April 3, 2023, plaintiff Velocity Capital Group LLC ("Plaintiff") filed the instant action in New York State Supreme Court, Kings County, against defendants Vyvue, LLC ("Vyvue") and Bennett E. Hortman ("Hortman") (together with Vyvue, "Defendants"), bringing causes of action for breach of contract and personal guarantee. Summons and Complaint, ECF 1-1 ("Compl.") at 2-4. On June 30, 2023, Defendants removed this action to this Court. Notice of Removal, ECF 1.

        On December 18, 2023, Magistrate Judge Pollak issued an order to show cause by January 22, 2024, why this case should not be remanded for lack of subject matter jurisdiction. On January 23, 2024—a day after the deadline set by Magistrate Judge Pollak—Defendants filed a response to the order to show cause, alleging that because Defendants' counterclaims are based in federal law and seek damages of not less than $100,000 this Court has both federal question and diversity jurisdiction over this case. *See* Defendants' January 23, 2024 Letter, ECF 15 at 1.

        On February 15, 2024, Magistrate Judge Pollak issued a report and recommendation (the "R&R") recommending that this action be remanded to state court for lack of subject matter jurisdiction. R&R, ECF 17 at 1.

The R&R clearly stated that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  Failure to file objections within the specified time waives the right to appeal the District Court's order."  R&R at 5 (citations omitted).  To date, no party has filed an objection to the R&R.

If clear notice has been given of the consequences of failing to object and there are no objections, the Court may adopt the R&R without de novo review. *See Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (internal citations omitted).  The Court will excuse the failure to object and conduct de novo review if it appears that the magistrate judge may have committed plain error.  *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000).  No such error appears in Magistrate Judge Pollak's thorough and well-written decision.  Accordingly, the Court adopts the R&R.

This action is hereby remanded to the Kings County Supreme Court for further proceedings.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

         /s/  
**ORELIA E. MERCHANT**  
**United States District Judge**

Dated: Brooklyn, New York  
      March 4, 2024